UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL PENSION TRUST, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SULLIVAN SOLAR POWER OF CALIFORNIA, a California corporation,<br><br>　　　　　　　　　Defendant. | Case No.: 19cv474-MMA(BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR DANIEL J. SULLIVAN**<br><br>**[Doc. No. 34.]** |

Before the Court is an *Ex Parte* Motion for Appearance and Examination of Judgment Debtor Daniel J. Sullivan, which was filed by plaintiffs Board of Trustees of the San Diego Electrical Pension Trust, et al. [Doc. No. 34.] Along with the *Ex Parte* Motion, plaintiffs also filed a Supporting Declaration. [Doc. No. 35.] For the reasons outlined more fully below, the Court finds that the Motion must be DENIED without prejudice. [Doc. No. 34.]

## *Background*

Plaintiffs filed the Complaint in this action to collect delinquent fringe benefit contributions, liquidated damages, interest, and attorney's fees and costs. Plaintiffs

claimed money was owed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). [Doc. No. 1.]

On May 23, 2019, a Judgment was entered pursuant to the parties' Stipulation. [Doc. No. 7.] In the Stipulation, Daniel J. Sullivan confirmed that he was the president and chief executive officer of Sullivan Solar Power and agreed to personally guarantee the amount owed under the Judgment. [Doc. No. 7-1, at pp. 2-3.] Thereafter, the Judgment was amended, and a First Amended Judgment Pursuant to Stipulation was entered on June 9, 2020. [Doc. No. 19-1, 20.]

Although payments totaling $318,000 were made, plaintiffs represent that a significant amount of the Judgment remains unpaid. [Doc. No. 34, at pp. 3-5.] Plaintiffs therefore seek to examine Daniel J. Sullivan, because he is a judgment debtor, individually, and is also believed to be in possession or control of documents and information regarding Sullivan Solar Power. [Doc. No. 34, at p. 7.]

### *Discussion*

The instant *Ex Parte* Motion for Appearance and Examination of Judgment Debtor requests the issuance of an order requiring the judgment debtor, Daniel J. Sullivan, to appear for examination for the purpose of furnishing information to aid in the enforcement of the Judgment. [Doc. No. 34, at pp. 7-8.]

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. Proc. 69 (a)(1). "The procedure on execution- and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Accordingly, in ruling on a judgment creditor's application, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Under California law, the judgment creditor may file an *ex parte* application requesting an order requiring the judgment debtor to appear for an examination "to

furnish information to aid in enforcement of the money judgment." Cal. Civ. Proc. Code § 708.110(a). The request may be granted "[i]f the judgment creditor has not caused the judgment debtor to be examined . . . during the preceding 120 days." Cal. Civ. Proc. Code § 708.110(b). Here, the judgment creditor's *Ex Parte* Motion represents that Mr. Sullivan has not been examined within the past 120 days. [Doc. No. 34, at p. 8.]

Additionally, the Judgment Debtor to be examined must reside or have a place of business within the geographical limitations imposed by California Code of Civil Procedure Section 491.150. In this regard, Section 491.150(b) states as follows: "A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles." Cal. Civ. Proc. Code § 491.150.(b). In this case, the judgment debtor's *Ex Parte* Motion does not indicate whether Mr. Sullivan **currently** resides or has a place of business within 150 miles of the place of examination. For this reason, the Court finds that plaintiffs' *Ex Parte* Motion must be DENIED without prejudice.

Based on the foregoing, IT IS HEREBY ORDERED that the judgment creditor's *Ex Parte* Motion is DENIED without prejudice. Before re-filing their *Ex Parte* Motion, plaintiffs must contact the Clerk's Office by phone at 619-557-6426 or by e-mail at cvb@casd.uscourts.gov to obtain a hearing date for their proposed judgment debtor's examination and include the hearing date in their papers.

IT IS SO ORDERED.

Dated: October 29, 2021

Hon. Karen S. Crawford
United States Magistrate Judge