UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL PENSION TRUST, et al., <br><br> Plaintiff, <br><br> v. <br><br> SULLIVAN SOLAR POWER OF CALIFORNIA, a California corporation, <br><br> Defendant. | Case No.: 19cv474-MMA(BLM) <br><br> **ORDER GRANTING EX PARTE MOTION FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR DANIEL J. SULLIVAN** <br><br> **[Doc. No. 37.]** |

Before the Court is plaintiffs' *Ex Parte* Motion for Appearance and Examination of Judgment Debtor Daniel J. Sullivan. [Doc. No. 37.] Plaintiffs also filed a supporting Declaration. [Doc. No. 38.] For the reasons outlined more fully below, the Court finds that the *Ex Parte* Motion must be GRANTED. [Doc. No. 37.]

## *Background*

Plaintiffs filed the Complaint in this action to collect delinquent fringe benefit contributions, liquidated damages, interest, and attorney's fees and costs. Plaintiffs claimed money was owed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). [Doc. No. 1.]

1

On May 23, 2019, a Judgment was entered pursuant to the parties' Stipulation. [Doc. No. 7.] In the Stipulation, Daniel J. Sullivan confirmed that he was the president and chief executive officer of Sullivan Solar Power and agreed to personally guarantee the amount owed under the Judgment. [Doc. No. 7-1, at pp. 2-3.] Thereafter, the Judgment was amended, and a First Amended Judgment Pursuant to Stipulation was entered on June 9, 2020. [Doc. No. 19-1, 20.]

Although payments totaling $318,000 were made, plaintiffs represent that a significant amount of the Judgment remains unpaid. [Doc. No. 37, at pp. 4-5, 7.] Plaintiffs therefore seek to examine Daniel J. Sullivan, because he is a judgment debtor, individually, and is also believed to be in possession or control of documents and information regarding Sullivan Solar Power. [Doc. No. 34, at p. 7.]

## *Discussion*

The instant *Ex Parte* Motion for Appearance and Examination of Judgment Debtor, which was filed by plaintiffs/Judgment Creditors Board of Trustees of San Diego Electrical Pension Trust, *et al.*, requests the issuance of an order requiring the Judgment Debtor, Daniel J. Sullivan, to appear for examination on **December 1, 2021, at 10:00 a.m.**, for the purpose of furnishing information to aid in the enforcement of the Judgment. [Doc. No. 37, at p. 2.]

Federal Rule of Civil Procedure 69 authorizes federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. Proc. 69 (a)(1). "The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.*  Accordingly, in ruling on a judgment creditor's Application, the Court follows California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in California Code of Civil Procedure §§ 680.010 through 724.260.

Under California law, the Judgment Creditor may file an *ex parte* application requesting an order requiring the Judgment Debtor to appear for an examination "to

furnish information to aid in enforcement of the money judgment." Cal. Civ. Proc. Code § 708.110(a). The request may be granted "[i]f the judgment creditor has not caused the judgment debtor to be examined . . . during the preceding 120 days." Cal. Civ. Proc. Code § 708.110(b). Here, the *Ex Parte* Motion and supporting Declaration, represent that Judgment Creditors have not previously examined Mr. Sullivan. [Doc. No. 37, at p. 8; Doc. No. 38, at p. 4.]

Additionally, the Judgment Debtor to be examined must reside or have a place of business within the geographical limitations imposed by California Code of Civil Procedure Section 491.150. In this regard, Section 491.150(b) states as follows: "A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles." Cal. Civ. Proc. Code § 491.150.(b). Here, Judgment Creditors' *Ex Parte* Motion and supporting Declaration represent that Mr. Sullivan's current principal residence and place of business are both located in San Diego County. [Doc. No. 37, at p. 8; Doc. No. 38, at pp. 4-5.]

Based on the foregoing, IT IS HEREBY ORDERED that the Judgment Creditor's *Ex Parte* Motion is GRANTED.

IT IS FURTHER ORDERED that:

1. Judgment Debtor must appear as follows for an examination to furnish information to aid in enforcement of the money judgment:

      **Date:** **December 1, 2021**
      **Time:** **10:00 AM**
      **Appearance:** **In person**
      **Location:** **United States District Court,**
                       **Southern District of California**
                         **James M. Carter and Judith N. Keep US Courthouse**
                         **333 W. Broadway**
                         **San Diego, CA 92101**

1  Proceedings will be held in JURY ASSEMBLY ROOM 230 – located on the Lobby Level of the Courthouse. All participants are required to wear a face mask.

2. Judgment Creditor must personally serve this Order by a sheriff, marshal, or registered process server upon the Judgment Debtor within ten (10) days before the date set for the examination and must file a proof of service with the Court.

**NOTICE TO JUDGMENT DEBTOR: IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

IT IS SO ORDERED.

Dated: November 2, 2021

Hon. Karen S. Crawford
United States Magistrate Judge